**CLOSING**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST. ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

February 4, 2019

VIA CERTIFIED MAIL
Googlebyte
719 Irving Avenue
Bridgeton, New Jersey 08302

VIA ECF
Defense Counsel

**LETTER ORDER**

Re:   **Googlebyte v. New York Jets, LLC.**
      **Civil Action No. 18-11920**

Dear Litigants,

Before the Court is Defendant New York Jets, LLC's ("Defendant") Motion to Dismiss, ECF No. 11, Plaintiff Googlebyte's ("Plaintiff") Complaint, ECF No. 1. For the reasons set forth below, the Motion is granted.

In its pro se Complaint, Plaintiff alleges that it is a New Jersey business[1] owned by Andrew K. Bonner, Jr. ("Bonner"), a college student who is "interested in employment with the New York Jets." He does not allege that he is employed by the New York Jets. The Complaint alleges violations of The Equal Pay Act of 1963, the Employee Retirement Income Security Act and the National Labor Relations Act. Because Plaintiff fails to state a claim under each statute, the Complaint is dismissed.

First, in order to state a claim under the Equal Pay Act, "a plaintiff must show that employees of the opposite sex were paid more for performing work under similar conditions that required substantially 'equal skill, effort, and responsibility.'" Summy-Long v. Pa. State Univ., 715 F. App'x 179, 183 (3d Cir. 2017) (quoting 29 U.S.C. § 206(d)(1)). Plaintiff does not allege

---

[1] A corporation cannot proceed as a pro se litigant. Lawson v. Nat'l Continental-Progressive, Ins. Co., 347 F. App'x 741, 742 n.1 (citing Rowland v. Ca. Men's Colony, 506 U.S. 194, 201-02 (1993)). This proposition is especially compelling here, where Plaintiff alleges violations of statutes that apply to individuals and not to corporations. This is an independent basis that warrants dismissal.

that Bonner is even employed by Defendant and does not allege that he is receiving less compensation than employees of the opposite sex.  See Stanziale v. Jargowsky, 200 F. 3d 101, 107 (3d Cir. 2000).  Second, ERISA confers standing upon a plan participant, beneficiary, or fiduciary, the Secretary of Labor, a State, or an employee representative.  See 29 U.S.C. § 1132.  Plaintiff does not fall into any of these categories.  Moreover, Plaintiff does not articulate an actionable basis for a claim, other than a passing reference to the possible unfairness of the NFL pension plan.  Third, the NLRA affords certain rights to employees.  See 29 U.S.C. §§ 151, 157, 158.  Because Plaintiff does not allege the existence of an employer-employee relationship with Defendant, he fails to state a claim under the NLRA.  Moreover, the NLRA provides that a claim must, in the first instance, be brought before the National Labor Relations Board.  29 U.S.C. § 160(a) to (f).  So even if Plaintiff had standing to bring the NLRA claim, it would have failed to exhaust its administrative remedies.  Plaintiff has failed to state a claim for violation of any of the aforementioned labor laws.

      The Complaint, ECF No. 1, is dismissed.

                                     **SO ORDERED.**

                              */s Madeline Cox Arleo*_____
                              **MADELINE COX ARLEO**
                              **UNITED STATES DISTRICT JUDGE**